RECEIVED
USDC CLERK. CHARLESTON. SC
2007 FEB 26  P 4: 14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Puhl, #19918-058, ) | C. A. No. 2:06-0997-HFF-RSC |
| Petitioner, ) | |
| -versus- ) | **O R D E R** |
| Federal Bureau of Prisons and ) John J. Lamanna, Warden of ) FCI-Edgefield, ) | |
| Respondents. ) | |

This habeas corpus petition brought by a federal prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u> is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion to dismiss, the petitioner's motion for summary judgment, and the petitioner's motion to amend his complaint. 28 U.S.C. § 636(b).

The petitioner, Robert J. Puhl, filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on March 29, 2006, and alleged that the respondent violated his rights in not letting him serve the last six (6) months of his sentence in a Community Corrections Center. The respondent filed a motion to dismiss on June 20, 2006. Puhl was provided a copy of the respondent's motion to dismiss on June 16, 2006, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528

1

F.2d 309 (4th Cir. 1975). The petitioner filed an opposition to the motion on June 20, 2006, and the respondent filed a reply on June 27, 2006. On July 5, 2006, the petitioner filed an opposition to the reply and on July 5, 2006, the petitioner filed a motion for summary judgment. Thereafter on November 9, 2006, petitioner filed a motion to amend his complaint to seek relief consistent with <u>Levine v. Apker</u>, 455 F.3d 71 (2nd Cir. 2006)[1], which motion was opposed by the respondent on November 27, 2006. Hence it appears consideration of the motions is appropriate.

A review of the record and relevant case law indicates that the petitioner's motion to amend his complaint should be granted provided that the petitioner files a proposed amended petition within twenty (20) days as leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Further, since the parties' arguments do not address the mootness concerns addressed by <u>Levine</u>, the two dispositive motions should be stricken as premature with leave to refile following the joining of issues by the amended complaint and the answer thereto.

Accordingly, for the aforementioned reasons, **IT IS ORDERED** that the petitioner's motion to amend his complaint be granted,

---

[1] <u>Levine</u> held that the a similarly situated petitioner's claim was not moot because he was on supervised release and the court could order a reduction on the supervised release term if the petitioner prevailed.

2

and that the two dispositive motions stricken as premature.

>Respectfully Submitted,
>
>*[signature]*
>Robert S. Carr
>United States Magistrate Judge

Charleston, South Carolina

February **26**, 2006